## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case: 04-CR-0123-CVE |
| | ) | |
| WILLIAM R. SATTERFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes on for consideration of defendant's Motion for Relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 63).  Defendant claims that he is actually innocent of the crimes to which he pled guilty, and he asks the Court to vacate his conviction and sentence. According to a previous filing of defendant (Dkt. # 59), he has completed his prison sentence and he is currently on supervised release.  However, he still asks the Court to vacate his conviction and sentence.  To understand the current motion, a brief review of the procedural history of this case is necessary.

On July 22, 2004, defendant was charged by information with conspiracy to commit an offense against the United States under 18 U.S.C. § 371 (Count One) and two counts of tampering with an odometer under 49 U.S.C. §§ 32703 and 32709 (Counts Two and Three).  Dkt. # 1. Defendant waived his right to be charged by indictment.  Dkt. # 5.  On August 26, 2004, defendant pled guilty to all three counts in the information pursuant to a written plea agreement.  Dkt. # 7.  The Honorable H. Dale Cook sentenced defendant to 50 months as to Count One and 36 months as to Counts Two and Three, but the sentences for Counts Two and Three ran concurrently with the sentence for Count One.   Dkt. # 18.  Judge Cook also ordered defendant to pay restitution in the

amount of $1,337,000.  Id.  Defendant filed a motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 24) asking Judge Cook to vacate the restitution order and reduce his sentence. Defendant's motion was denied and he appealed the denial to the Tenth Circuit Court of Appeals. Dkt. # 41.  The Tenth Circuit found that defendant was not entitled to a certificate of appealability and dismissed the appeal.  Dkt. # 57.

Defendant states that he filed a motion for relief under 18 U.S.C. § 2241 in the Western District of Oklahoma raising claims of factual and legal innocence.  Dkt. # 63, at 8-9.  He argued that the cars of which he altered the odometers were more than ten years old and could not be used to obtain a conviction against him for odometer tampering.  Defendant states that his § 2241 motion was denied because he did not make a sufficient showing of innocence.  Id. at 9.  This decision was affirmed on appeal by the Tenth Circuit.  Satterfield v. Scibana, 275 Fed. Appx. 808 (10th Cir. Apr. 30, 2008).  Defendant states that he filed a second § 2255 motion directly with the Tenth Circuit, and reurged his claims of factual and legal innocence.  Dkt. # 63, at 11-12.  The Tenth Circuit denied defendant's request to proceed with a second or successive § 2255 motion.  Defendant claims that a Rule 60(b) motion is the sole avenue of relief that remains open to him, and he requests a full and fair hearing of his claim of actual innocence.  Dkt. # 63, at 13.  Based on another filing by defendant, it appears that he has been released from prison and is currently on supervised release. See Dkt. # 59 ("Defendant Satterfield has resided in the property since his release from Federal custody").

Even though defendant has been released, his motion may be subject to the requirements for filing a second or successive § 2255 motion.  See United States v. Cervini, 379 F.3d 987, 990 n.1 (10th Cir. 2004) (person is considered "in custody" for purpose of filing § 2255 motion after

2

completing prison sentence if such person is still subject to a term of supervised release). Defendant does not ask the Court to modify the terms of his supervised release or terminate supervised release before his term is completed, and his motion may not be construed as a request to modify the terms of his supervised release under 18 U.S.C. § 3583(e). Instead, defendant raises a claim of actual innocence and challenges the validity of his underlying convictions. Although defendant calls his motion a Rule 60(b) motion, the Court must determine whether defendant's motion is a true Rule 60(b) motion or is a second or successive § 2255 motion.

Under Tenth Circuit precedent, a Rule 60(b) motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 60(b) motion must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532. Defendant does not challenge the integrity of the post-conviction process but, instead, he reasserts his claim that is legally innocent of the offenses to which he pled guilty. This is a direct challenge to the validity of his convictions and sentence, and his motion is not a "true" Rule 60(b) motion. Therefore, the Court must treat defendant's motion as a second or successive motion under § 2255.

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court,

3

the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of defendant's most recent § 2255 motion, the Court finds it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization.  The motion asserts the same issue concerning odometer tampering with cars more than ten years old that defendant has raised before the Western District of Oklahoma and the Tenth Circuit. In fact, defendant raised the same issue in a motion for leave to file a second or successive § 2255 motion directly to the Tenth Circuit, and the Tenth Circuit denied defendant's request.  Defendant has failed to articulate a claim that is capable of review in a second or successive § 2255 motion, and the Court finds that defendant's motion (Dkt. # 63) should be dismissed for lack of jurisdiction.

4

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 63) is construed as a second or successive motion under § 2255 and is **dismissed for lack of subject matter jurisdiction**.

**DATED** this 14th day of May, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT